

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2004

# USA v. Benjamin

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2623

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Benjamin" (2004). *2004 Decisions.* Paper 1020.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1020

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 03-2623

—————

UNITED STATES OF AMERICA

v.

GEORGE BENJAMIN

Appellant

—————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 01-mc-00202)
District Court Judge: Honorable Sylvia H. Rambo

—————

Submitted Under Third Circuit LAR 34.1(a)
January 27, 2004

Before: SCIRICA, Chief Judge, SLOVITER and ALDISERT, Circuit Judges.[*]

(Filed: February 5, 2004)

—————

OPINION OF THE COURT

———————————

[*]When this case was first listed for disposition on January 16, 2004, the panel
consisted of Judges Sloviter, Rendell and Aldisert. Thereafter Judge Rendell recused
herself from participation. Chief Judge Scirica then appointed himself as the third judge.

1

ALDISERT, <u>Circuit Judge</u>.

This appeal by George Benjamin requires us to decide whether his sentence should be vacated and the proceedings remanded for a new sentencing hearing . He argues that the district court erred in failing to credit him for admitting violations of the conditions of supervised release. The district court had jurisdiction based on 18 U.S.C. § 3583(e). We have jurisdiction based on 18 U.S.C. § 3742(e)(4) and 28 U.S.C. § 1291. We will affirm.

I.

Because we write exclusively for the benefit of the parties, who are familiar with the facts and the proceedings in the district court, our discussion of the background will be limited. On August 15, 1997, Benjamin entered a guilty plea in the United States District Court for the Eastern District of Pennsylvania to engaging in a conspiracy to commit mail fraud, wire fraud, credit card fraud and interstate transportation of stolen property in violation of 18 U.S.C. § 371. He later was sentenced to six months in prison and three years on supervised release. His term of supervised release began on January 13, 2001 and was to end on January 12, 2004.

On December 11, 2001, the United States District Court for the Middle District of Pennsylvania ("the district court") accepted jurisdiction over Benjamin's supervised release pursuant to a transfer order. On February 27, 2003, a United States probation

2

officer filed a petition with the district court alleging that Benjamin had violated the conditions of supervised release by committing violations of state law, using controlled substances, failing to report to the probation officer and failing to complete a drug treatment program. Benjamin admitted most of these allegations at a supervised release revocation hearing before the district court on March 6, 2003.

The probation officer submitted a memorandum to the district court advising that the Policy Statement set forth at U.S.S.G. § 7B1.4(a) provided for a guideline range of eight to 14 months imprisonment in a case of revocation of supervised release for a defendant with Benjamin's criminal history category and grade of violation. At the revocation hearing, Benjamin asked the district court to extend supervised release and allow him to enter a diagnostic treatment program.

The district court found that Benjamin had violated the conditions of supervised release and revoked the term of supervised release, sentencing Benjamin to be imprisoned for a term of 14 months. The district court stated on the record the following reasons for its decision:

> Mr. Benjamin has demonstrated substantial disregard for both the law and the conditions of supervised release. While on supervised release Mr. Benjamin used drugs and frequently did not report for drug testing as directed. Mr. Benjamin was afforded ample opportunity to involve himself in drug treatment and failed to successfully finish the program. Mr. Benjamin involved himself in new criminal conduct while under supervision. The 14 month sentence at the high end of the guideline is believed necessary to sanction Mr. Benjamin for his violation behavior while protecting the community and promoting respect for the law.

(App. at 37-38.)

## II.

We must determine whether the sentence imposed by the district court for violation of the conditions of supervised release was "plainly unreasonable." United States v. Blackston, 940 F.2d 877, 894 (3d Cir. 1991) (quoting 18 U.S.C. § 3742(e)(4) (establishing the "plainly unreasonable" standard of review for imposition of a sentence "for an offense for which there is no applicable sentencing guideline")).

## III.

Benjamin contends that the district court's sentence of 14 months imprisonment was plainly unreasonable because the district court failed to take into account that Benjamin admitted violating the conditions of supervised release and therefore relieved the government of the burden of proving the violations while also relieving the district court of the burden of an evidentiary hearing. His contention, however, is without merit.

For the reasons it stated on the record, the district court concluded that a sentence of 14 months in prison was appropriate. The 14-month sentence did not exceed the applicable two-year statutory limit. See 18 U.S.C. § 3583(e)(3). Although it was not bound by the United States Sentencing Commission's Policy Statement regarding revocation of supervised release, the district court nevertheless chose to impose a sentence within the recommendation of U.S.S.G. § 7B1.4(a). Section 7B1.4(a) provides that for a defendant such as Benjamin, who was charged with a Grade C violation of his

4

supervised release and who had a criminal history category of VI, the recommended range was eight to 14 months imprisonment. Measured against the plainly unreasonable standard of review, we reject the contention that there was an error at sentencing that requires the case to be remanded. See Blackston, 940 F.2d at 894 (holding that a statutory maximum three-year imprisonment term was not a plainly unreasonable sentence for a defendant who violated the conditions of supervised release, even though the United States Sentencing Commission's Policy Statement recommended a maximum sentence of 10 months).

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.

———